Filed 9/2/22  P. v. McFadden CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARREN JERRELL McFADDEN,<br><br>    Defendant and Appellant. | A162697<br><br><br>(Solano County Super. Ct.<br>No. FCR306923) |

### MEMORANDUM OPINION[1]

Darren Jerrell McFadden appeals from the trial court's summary denial of his petition for resentencing.  (Former § 1170.95.)  We affirm.

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issue raised.  Undesignated statutory references are to the Penal Code.  Our brief factual summary is drawn from our unpublished opinion in McFadden's prior appeal, *People v. McFadden* (Apr. 5, 2017, A146219), and we take judicial notice of the record in that appeal.  (See *People v. Lopez* (2022) 78 Cal.App.5th 1, 13.)  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6.  (See Stats. 2022, ch. 58, § 10.)

1

The prosecution charged McFadden and several other defendants — including Danny Jeffreys, Timothy Mitchell, and Trayvon Wayfer — with first degree murder and attempted murder arising out of a shooting at an apartment complex in Fairfield. The operative information alleged Jeffreys personally discharged a firearm in the commission of both offenses. (§ 12022.53, subd. (c).) At a joint trial with Jeffreys, the prosecution presented evidence that McFadden drove his car to the apartment complex, and that he was present when the shooting occurred. After the shooting, McFadden conferred with Wayfer, then drove away from the apartment complex with Mitchell.

The trial court instructed the jury on direct aiding and abetting and on aiding and abetting intended crimes (CALCRIM Nos. 400, 401). It also instructed the jury on murder and attempted premeditated murder (CALCRIM Nos. 520, 521, 600, 601). The jury was not instructed on felony murder or on the natural and probable consequences doctrine. In 2014, the jury convicted McFadden of first degree murder and attempted premeditated murder. In 2017, this court affirmed the convictions but ordered a limited remand under *People v. Franklin* (2016) 63 Cal.4th 261.

In late 2019, McFadden petitioned for resentencing under former section 1170.95. The prosecution opposed the petition. At an August 2020 hearing — where McFadden was represented by counsel — the parties submitted on their briefing. The trial court summarily denied the petition, finding McFadden "was convicted as an aider or abettor" and that he was neither prosecuted nor convicted under "a theory of felony murder or murder under [the] natural and probable consequences doctrine; rather the evidence established [McFadden] acted with requisite intent upon which a murder conviction could stand."

McFadden insists the trial court erred by summarily denying his resentencing petition. We disagree.

We begin by briefly describing recent changes to the law governing accomplice liability for murder. In 2018, the Legislature "eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder [citation] and significantly narrowed the felony-murder exception to the malice requirement for murder." (*People v. Coley* (2022) 77 Cal.App.5th 539, 543 (*Coley*).) The Legislature also enacted former section 1170.95, which outlines a procedure for individuals convicted of felony murder or murder based on the natural and probable consequences doctrine to "petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if they could not now be convicted of murder under the law as amended." (*Coley*, at p. 543.) In 2021, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.; Senate Bill 775), which amended former section 1170.95 to allow individuals to seek relief for murder convictions based on any " 'theory under which malice is imputed to a person based solely on that person's participation in a crime.' " (*Coley*, at p. 544; former § 1170.95, subd. (a)(1).)

Applicable here, Senate Bill 775 also added requirements to the process for evaluating whether a petitioner has made a prima facie showing of eligibility for relief. After "a facially valid petition is filed and counsel is appointed, the parties will submit briefing and the trial court must hold a hearing on the issue of whether a prima facie case has been made." (*Coley*, *supra*, 77 Cal.App.5th at p. 544; former § 1170.95, subd. (c).) In determining whether a prima facie case has been made, the court can consider the record of conviction, which "may include the underlying facts as presented in an appellate opinion" (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 13; *People v.*

3

*Lewis* (2021) 11 Cal.5th 952, 971–972) and the instructions given to the jury (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055). Summary denial of the petition is appropriate where the record of conviction establishes the petitioner is ineligible for resentencing as a matter of law, e.g., when — as here — the record of conviction establishes the petitioner "was convicted of first degree murder as an aider and abettor with intent to kill" (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945 (*Estrada*)) and/or of attempted murder on a direct aiding and abetting theory. (*Coley*, at p. 548.)

McFadden acknowledges he was convicted of first degree murder and attempted premeditated murder, and that the jury was not instructed on felony murder or on the natural and probable consequences doctrine. He nevertheless contends he is entitled to an evidentiary hearing on his resentencing petition because he was convicted "upon a theory by which malice was imputed to him." This argument has been considered — and rejected — in at least two published opinions.

For example, in *Coley*, *supra*, 77 Cal.App.5th 539, the defendant petitioned for resentencing on his convictions for second degree murder and attempted murder without premeditation. (*Id.* at pp. 541–542.) The trial court summarily denied the petition on the grounds that "the jury had not been instructed on felony murder or murder under a natural and probable consequences theory. Although acknowledging that the instructions on implied malice contained a natural and probable consequences component, the court concluded that the record of conviction showed the jury had found express malice, i.e., a specific intent to unlawfully kill, when it convicted [the defendant] of attempted murder." (*Id.* at p. 545.)

A division of this court affirmed. (*Coley*, *supra*, 77 Cal.App.5th at p. 549.) The *Coley* court held the defendant was ineligible for resentencing

4

because he was convicted of second degree murder with *express* malice. (*Id.* at p. 547.) *Coley* explained: "As a review of the record on conviction reveals, [the defendant] was convicted of murder based on his aiding and abetting of the same shooting that gave rise to the attempted murder conviction. The jury was instructed by CALCRIM No. 600 that attempted murder requires a determination that 'the defendants intended to kill that person.' [Citations.] An intent to kill is the equivalent of express malice, at least when there is no question of justification or excuse, and by finding [the defendant] guilty of attempted murder, the jury necessarily found he had personally harbored intent to kill or express malice when he aided and abetted the second degree murder." (*Id.* at pp. 547–548.) *Coley* also concluded the defendant was not entitled to resentencing on his attempted murder conviction because "[d]irect aiding and abetting remains a valid theory of attempted murder" notwithstanding the enactment of Senate Bill 775. (*Coley*, at p. 548.)

*Estrada*, *supra*, 77 Cal.App.5th 941 reached a similar conclusion. There, the trial court concluded the defendant — who was convicted of first degree murder — was ineligible for resentencing "as a matter of law because the record demonstrated he was convicted as an aider and abettor." (*Id.* at p. 943.) The defendant appealed, arguing he could have been convicted of murder "under a natural and probable consequences theory" because the court instructed the jury with a portion of CALCRIM No. 400 providing that under some " 'circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime.' " (*Estrada*, at pp. 945–946, fn. omitted.) The *Estrada* court disagreed. It held that instructing the jury with language from CALCRIM No. 400 did not render the defendant eligible

5

for relief under former section 1170.95. As *Estrada* observed, the jury was instructed with CALCRIM No. 401 — and not on the natural and probable consequences doctrine — and the prosecution argued the defendant intended to commit the charged offenses. (*Estrada*, at pp. 946–948.)

Here too. Given the charges, the jury instructions, the prosecutor's arguments, and the verdict, it is apparent the jury determined McFadden was a direct aider and abettor who knew Jeffreys intended to commit murder and attempted murder and, with that knowledge, aided and abetted the crimes. Notably, McFadden fails to acknowledge *Coley* and *Estrada*, even though both cases were decided well before McFadden filed his reply brief (and *Coley* was discussed in the Attorney General's brief). We find *Coley* and *Estrada* persuasive and we adopt their reasoning.[2]

The record of conviction shows McFadden was convicted as a direct aider and abettor, and not on a theory of murder under which malice was imputed to him based solely on his participation in a crime. Accordingly, the trial court did not err by summarily denying his petition for resentencing.

## DISPOSITION

The order denying McFadden's petition for resentencing is affirmed.

---

[2] McFadden's reliance on *People v. Langi* (2022) 73 Cal.App.5th 972 is unavailing for the reasons discussed in *Coley*, among them that McFadden was convicted of first degree murder and attempted premeditated murder with express — rather than implied — malice. (*Coley*, *supra*, 77 Cal.App.5th at p. 547; see also *People v. Clements* (2022) 75 Cal.App.5th 276, 301 [distinguishing *Langi*].)

6

_____

Rodríguez, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Fujisaki, J.

A162697